```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Linda Rider,

       Plaintiff,

   v.                        Case No. 2:12-cv-925

HSBC Mortgage Corporation
(USA), et al.,

       Defendants.


OPINION AND ORDER

This is an action brought by plaintiff Linda Rider against defendants HSBC Mortgage Corporation (USA) ("HSBC Mortgage") and HSBC Bank USA, N.A. ("HSBC Bank"), alleging violations of the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA").  This matter is before the court on the defendant's motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff's first amended complaint for failure to state a claim for which relief may be granted.

I. Rule 12(b)(6) Standards

In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded allegations in the complaint as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Technologies, Inc., 520 F.3d 516, 519 (6th Cir. 2008); Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005).  To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material

elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. Id.

While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must create a reasonable expectation that discovery will reveal evidence to support the claim. Campbell v. PMI Food Equipment Group, Inc., 509 F.3d 776, 780 (6th Cir. 2007). A complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Id. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Where the facts pleaded do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief as required under Fed.R.Civ.P. 8(a)(2). Id.

Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

not do." Twombly, 550 U.S. at 555; see also Ashcroft, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Association of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007).

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." Bassett v. National Collegiate Athletic Ass'n 528 F.3d 426, 430 (6th Cir. 2008); see also Nixon v. Wilmington Trust Co., 543 F.3d 354, 357 (6th Cir. 2008)(a court may consider a document not formally incorporated by reference in a complaint when the complaint refers to the document and the document is central to the claims).

II. History of the Case

On or about September 27, 2002, plaintiff and her then husband, John Rider, executed a promissory note and mortgage in favor of Homestead Mortgage Company. See Doc. 9-5. On that date, the mortgage and note were assigned to HSBC Mortgage. See Complaint, Ex. B. On or about March 8, 2010, HSBC Mortgage filed a forfeiture action against the Riders in the Common Pleas Court of Franklin County, Ohio, seeking to recover $141,548.61 plus interest on the note. See Docs. 9-1, 9-4. On October 19, 2010, HSBC Mortgage filed a motion for summary judgment in the forfeiture action. See Doc. 9-2. The matter was referred twice for mediation. See Doc. 9-1. On August 12, 2011, during the pendency

3

of the forfeiture action, the Riders' mortgage was assigned to HSBC Bank by a corporate assignment of mortgage which was recorded on August 17, 2011. See Complaint, Ex. B.  However, HSBC Bank was not made a party to the forfeiture action.  After mediation proved to be unsuccessful, HSBC Mortgage asked the court to return the case to the active docket because "there are no retention options available for the homeowner."  See Doc. 9-4.  The court granted HSBC Mortgage's motion for summary judgment and entered a decree of foreclosure in favor of HSBC Mortgage on January 3, 2012.  The Riders pursued an appeal from that judgment, and in a decision rendered on August 2, 2012, the Court of Appeals for the Ohio Tenth Appellate District affirmed the judgment of the lower court.  See Doc. 9-4.

On August 30, 2012, plaintiff filed a complaint in the Court of Common Pleas of Franklin County, Ohio, asserting claims for violations of RESPA and TILA and for breach of contract under Ohio law.  On October 8, 2012, defendants filed a notice of removal of the action to this court based on diversity and federal question jurisdiction.  On October 15, 2012, defendants filed a motion pursuant to Rule 12(b)(6) to dismiss the complaint.  On November 6, 2012, plaintiff submitted an unopposed motion for a 21-day extension of time in which to respond to the motion to dismiss.  On November 26, 2012, plaintiff filed her first amended complaint.

In Count I of the first amended complaint, plaintiff asserted a RESPA violation under 12 U.S.C. §2605(c) against HSBC Bank. Section 2605(c) requires a "transferee servicer" of a mortgage loan to notify the borrower of the assignment, sale, or transfer of the loan within 15 days of the effective date of the transfer.

In Count II, plaintiff alleged a TILA violation under 15 U.S.C. §1641(g) against HSBC Bank. Section 1641(g) requires that no later than 30 days after a mortgage loan is sold, transferred or assigned, the "creditor that is the new owner or assignee of the debt" must notify the borrower in writing of the transfer or assignment, provide contact information for the new owner, and provide the date of the transfer or assignment and the location where the debt is recorded.

In Count III, plaintiff alleged a RESPA violation under 12 U.S.C. §2605(b) against HSBC Mortgage. Section 2605(b) requires the servicer of a mortgage loan to notify the borrower in writing of any assignment, sale or transfer of the servicing of the loan to another person within 15 days of the effective date of the transfer.[1]

On December 7, 2012, defendants filed a motion pursuant to Rule 12(b)(6) to dismiss the first amended complaint.

III. Request to Strike the First Amended Complaint

In their reply memorandum, defendants request that the first amended complaint be stricken as untimely. Plaintiff argues in response that under Fed. R. Civ. P. 15, she was permitted to amend her complaint as a matter of course before service of a responsive pleading, and cites cases for the proposition that a motion to dismiss under Rule 12(b)(6) is not a responsive pleading. However, Rule 15 was amended in 2009, and now provides:

(a) Amendments Before Trial.
(1) Amending as a Matter of Course. A party may amend

---

[1] Plaintiff did not re-assert the breach of contract claim in her amended complaint. Because an amended complaint supersedes all prior complaints, see B & H Medical, L.L.C. v. ABP Administration, Inc., 526 F.3d 257, 267 n. 8 (6th Cir. 2008), the breach of contract claim is no longer before the court.

5

>       its pleading once as a matter of course within:
> (A)   21 days after serving it, or
> (B)   if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier.
> (2)   Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

The current version of Rule 15(a)(1)(B) clearly requires that an amended complaint be filed within 21 days of the filing of a motion under Rule 12(b)(6), and that an amended complaint filed outside that time frame requires leave of court.  In her motion of November 6, 2012, plaintiff only sought an extension of time to respond to the motion to dismiss, and did not request an extension of time in which to file an amended complaint.  Nonetheless, the court will treat that motion as a motion to extend the time to file an amended complaint, and will grant leave to file the amended complaint.

IV. Res Judicata

Defendants argue that plaintiff's claims are barred by the doctrine of res judicata.  State-court judgments are given the same preclusive effect under the doctrine of res judicata as they would receive in courts of the rendering state.  Ohio ex rel. Susan Boggs v. City of Cleveland, 655 F.3d 516, 519 (6th Cir. 2011).  Under Ohio law, a valid final judgment rendered on the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.  Grava v. Parkman Township, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995).  An existing final judgment or decree between the parties to litigation is conclusive as to all claims

6

which were or might have been litigated in the first lawsuit. Id. "For the purpose of a res judicata analysis, a 'transaction' is defined as a 'common nucleus of operative facts.'" U.S. Bank Nat'l Ass'n v. Gullotta, 120 Ohio St.3d 399, 899 N.E. 2d 987, 991 (2008).

> Ohio's doctrine of claim preclusion has four elements:
>
> (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

Hapgood v. City of Warren, 127 F.3d 490, 493 (6th Cir. 1997). The burden of proving these elements is on the parties – here, the defendants – asserting the defense of res judicata. Keymarket of Ohio, LLC v. Keller, 483 F.App'x 967, 971 (6th Cir. 2012).

The first element is satisfied in this case, as a final judgment was entered in the state court action, and that judgment was affirmed on appeal and has not otherwise been set aside. The second element is also satisfied, as the state court action and the instant action involve the same parties, namely, plaintiff and HSBC Mortgage, and HSBC Bank, a privy of HSBC Mortgage by reason of the assignment of the mortgage. See O'Nesti v. DeBartolo Realty Corp., 113 Ohio St.3d 59, 61, 862 N.E.2d 803 (2007)(privity exists when a person succeeds to the interest of a party, or has a mutuality of interest, including an identity of desired result).

The fourth element is also met, as the RESPA and TILA claims arise out of the transaction or occurrence that was the subject matter of the previous action, specifically, the note and mortgage. Res judicata has been found to bar federal claims asserted in a

7

second action where the state court had concurrent jurisdiction over the federal claims. See Wunderle v. Central Trust Co. of N.E. Ohio, N.A., No. 85-3700 (unreported), 1987 WL 44885 at *2 (6th Cir. Sept. 25, 1987); O'Neal v. Nationstar Mortgage, No. 1:07-cv-505, 2008 WL 3007834 at *5 (S.D.Ohio Aug. 1, 2008)(finding that TILA and RESPA claims could have been brought in prior action because state and federal courts have concurrent jurisdiction over those claims)(citing 12 U.S.C. §2614 (RESPA) and 15 U.S.C. §1640(e)(TILA)).

Another judge of this court has held that a TILA claim concerning lack of notice could have been asserted in the state court foreclosure action as a matter of defense by recoupment or set-off, and therefore the later federal action arose from the same transaction or occurrence as the state court action. See Miller v. Countrywide Home Loans, 747 F.Supp.2d 947, 961-62 (S.D.Ohio 2010). Under Ohio law, in an action upon a note secured by a mortgage, the defendant is entitled to interpose all counterclaims and defenses he may have against the creditor. Marion Production Credit Ass'n v. Cochran, 40 Ohio St.3d 265, 533 N.E.2d 325 (1988). TILA and RESPA claims are frequently raised as counterclaims in Ohio foreclosure actions. See Flagstar Bank, FSB v. Cintron, ___ N.E.2d ___, 2012 WL 6554723 (Ohio App. 2012)(TILA counterclaims asserted in foreclosure action); CitiMortgage, Inc. v. Hoge, 196 Ohio App.3d 40, 49, 962 N.E.2d 327 (2011)(TILA and RESPA counterclaims were asserted as recoupment as they arose out of the same transaction (the loan agreement) as the lender's claim); Residential Funding Co., L.L.C. v. Thorne, No. L-09-1324 (6th App. Dist. unreported), 2010 WL 3516785 at *4-6 (Ohio App. Sept. 10, 2010)(TILA lack of

8

notice claim was a recoupment "because it arises out of the same transaction as Residential's claim, i.e. the promissory note"); BCA Home Loans Servicing, L.P. v. Hall, No. CA2009-10-135 (12th App. Dist. unreported), 2010 WL 2891780 at *3-4 (July 26, 2010)(RESPA violation should be pleaded as a counterclaim); Akron National Bank & Trust Co. v. Roundtree, 60 Ohio App.2d 13, 17-19, 395 N.E.2d 525 (1978)(TILA counterclaim asserted as recoupment where lender's breach of contract claim on note and borrower's claim that lender violated a duty imposed by TILA on the note arose from same loan transaction).[2]

Also instructive is the "logical relation test" applied by Ohio courts to determine whether claims arise out of the same transaction or occurrence for purposes of determining whether a claim is a compulsory counterclaim under Ohio R. Civ. P. 13(A). Under this test, a compulsory counterclaim is one which is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. Rettig Enterprises, Inc. v. Koehler, 68 Ohio St.3d 274, 278, 626 N.E.2d 99 (1994). Claims are logically related where they involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties. Id. at 279.

In the instant case, plaintiff alleges that due to the defendants' alleged failure to notify her of the assignment of the

---

[2]Plaintiff relies on Hohenstein v. MGC Mortgage, Inc., No. 2:12-cv-46, 2012 WL 1580973 (S.D.Ohio May 4, 2012)(finding that TILA and RESPA claims of lack of notice did not arise out of plaintiff's failure to pay his mortgage). In light of the Ohio authorities cited above, this court agrees with the reasoning in Miller.

9

mortgage, she was divested of her right to reinstate her mortgage during the foreclosure action and prior to the entry of the foreclosure judgment. Therefore, her lack of notice claims are related to the foreclosure action, and litigation of her right to reinstate would involve a duplication of the efforts of the parties in the state foreclosure action. Her TILA and RESPA claims arise from the same transaction or occurrence that was the subject of the state court foreclosure action.

The remaining element is whether plaintiff could have asserted her TILA and RESPA claims in the state court action. Because plaintiff's TILA and RESPA claims did not accrue until after the filing of her answer in the foreclosure action, they were not compulsory counterclaims under Rule 13(A). If plaintiff knew about the assignment while the action was pending, Ohio procedure would have permitted her to seek leave of court to supplement her answer with those claims pursuant to Ohio R. Civ. P. 13(E), and to seek to join HSBC Bank as an additional party pursuant to Ohio R. Civ. P. 13(H). However, there is no information in the record as to when plaintiff learned about the assignment of the mortgage to HSBC Bank on August 12, 2011, or whether plaintiff knew about this assignment and the alleged failure to notify her of the assignment prior to the entry of the foreclosure judgment on January 3, 2012. In its decision of August 2, 2012, the state court of appeals noted that plaintiff had attached a copy of the assignment to her brief and argued that HSBC Mortgage should have moved to substitute HSBC Bank as the real party in interest in the state court action. However, the court of appeals declined to address plaintiff's arguments regarding the assignment on the merits because this exhibit was not

10

a part of the record.

Although res judicata will bar a later action where the plaintiff became aware of the facts and circumstances supporting the claim during the first action, see <u>State ex rel. Hartman v. Tetrault</u>, No. CA2012-03-021 (12th App. Dist. unreported), 2012 WL 4762015 at *5 (Ohio App. Oct. 8, 2012), there is no indication in the record that this occurred in the instant case. Under Ohio law, res judicata will not apply when fairness and justice would not support it. <u>State ex rel. Estate of Miles v. Village of Piketon</u>, 121 Ohio St.3d 231, 237, 903 N.E.2d 311 (2009)(citing <u>Davis v. Wal-Mart Stores, Inc.</u>, 93 Ohio St.3d 488, 491, 756 N.E.2d 657 (2001)). Here, the gist of plaintiff's TILA and RESPA claims concern the alleged failure to notify her of the assignment of the mortgage. Her claims cannot be barred by res judicata absent evidence that she was aware of the alleged violations in time to seek to assert them as counterclaims in the state court action. This element of the res judicata defense is not established by the record presently before the court, and thus dismissal is not warranted on claim preclusion grounds.

<u>V. RESPA Claims</u>

Defendants argue that the complaint fails to state claims against them under RESPA because plaintiff has failed to allege actual damages. Plaintiff asserts RESPA claims under §§ 2605(b) and 2605(c). The provision relating to damages caused by violations of §2605 provides that "[w]hoever fails to comply with any provision of this section shall be liable to the borrower for each such failure" in any action by an individual in an amount equal to the sum of "any actual damages to the borrower as a result

11

of the failure[.]" 12 U.S.C. §2605(f)(1)(A). Statutory damages are only available under §2605(f), at the discretion of the court, where a pattern or practice of noncompliance is shown. See 12 U.S.C. §2605(f)(1)(B). No pattern or practice allegations are included in plaintiff's complaint.

In light of the language of §2605(f)(1)(A), courts have consistently held that actual pecuniary damages must be pleaded to recover damages for a violation of §2605. See Hintz v. JPMorgan Chase Bank, N.A., 686 F.3d 505, 510-11 (8th Cir. 2012)(RESPA limits individual damages to actual damages); Sitanggang v. Countrywide Home Loans, Inc., 419 F.App'x 756 (9th Cir. 2011)(RESPA claim properly dismissed where plaintiff did not allege facts suggesting that she suffered actual damages); Catalan v. GMAC Mortgage Corp., 629 F.3d 676, 694 (7th Cir. 2011)(RESPA claim required proof of actual damages); Ford v. New Century Mortgage Corp., 797 F.Supp2d 862, 870 (S.D.Ohio 2011). Plaintiff must plead actual damages as well as a causal link between the alleged RESPA violation and her injuries. Marais v. Chase Home Finance, LLC, No. 2:11-cv-314, 2012 WL 4475766 at *5-7 (S.D.Ohio Sept. 26, 2012). Conclusory allegations of actual damages are not sufficient. Amaral v. Wachovia Mortgage Corp., 692 F.Supp.2d 1226, 1232 (E.D.Cal. 2010); Allen v. United Financial Mortgage Corp., No. 09-2507 SC, 2010 WL 1135787 at *5 (N.D.Cal. March 22, 2010).

In this case, plaintiff has summarily alleged that she sustained actual damages. She claims that due to the alleged lack of notice of the mortgage assignment, she was "divested of her right to reinstate prior to foreclosure judgment" and that she "suffered actual damages by not having the opportunity to exercise

12

her statutory and/or common law right to reinstate her mortgage prior to the foreclosure judgment being entered in the state court." First Amended Complaint, ¶ 14. However, under Ohio law, plaintiff had no statutory or common law right to reinstate her mortgage. See <u>Wilborn v. Bank One Corp.</u>, 121 Ohio St.3d 546, 550-51, 906 N.E.2d 396 (2009)(noting that defaulting borrower is not entitled by law to have a mortgage loan reinstated, and that any right to reinstatement arises solely from the terms of the mortgage contract between the parties).

Plaintiff's right to reinstate, set forth in ¶ 19 of the mortgage, requires plaintiff to pay the lender all sums then due under the note as if no acceleration had occurred, to cure any other default, and to pay all expenses incurred by HSBC Mortgage in enforcing the mortgage, including attorney's fees. The mortgage itself advised plaintiff of her right to reinstate the mortgage. Plaintiff does not allege that she was financially prepared to tender the sums necessary to achieve reinstatement. There are no allegations, for example, that plaintiff attempted to tender funds to HSBC Mortgage, the opposing party in the foreclosure action, but was rebuffed or was unable to negotiate reinstatement due to her lack of knowledge of the mortgage assignment to HSBC Bank. The allegations in the complaint are insufficient to allege actual damages or a causal connection between any actual pecuniary damages and the alleged RESPA violations. Defendants' motion to dismiss the RESPA claims in Counts I and III is well taken.

<u>VI. TILA Claim</u>

Defendant HSBC Bank has moved to dismiss the TILA claim in Count II, arguing that only actual damages may be recovered for a

TILA violation, and that plaintiff has failed to plead actual damages. Civil liability under TILA is governed by 15 U.S.C. §1640. That section provides that any creditor who fails to comply with § 1641(g) with respect to any person is liable to such person in an amount equal to the sum of any actual damage sustained by such person as a result of the failure. 15 U.S.C. §1640(a)(1). Plaintiff has failed to allege any actual damages stemming from the alleged failure of HSBC Bank to notify her of the assignment of the mortgage. Plaintiff has alleged no facts indicating how the alleged failure of HSBC Bank to notify her of the assignment of the mortgage prevented her from obtaining reinstatement of her mortgage. Plaintiff has not stated a claim for actual damages under §1640(a)(1).

Defendants cite cases in which courts have found that only actual damages may be awarded under §1640. However, the Sixth Circuit has noted that §1640 "is a general 'civil liability' section which provides in subsection (a) "for either actual and/or statutory damages for various TILA violations." Baker v. Sunny Chevrolet, Inc., 349 F.3d 862, 870 (6th Cir. 2003). Section 1640 provides that "in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling," damages of "not less than $400 or greater than $4,000" may be awarded by the court. 15 U.S.C. §1640(a)(2)(A). Section 1640 also permits recovery of reasonable attorney's fees and costs. See 15 U.S.C. §1640(a)(3). "The purpose of the statutory recovery is 'to encourage lawsuits by individual consumers as a means of enforcing creditor compliance with the Act.'" Purtle v. Eldridge Auto Sales, Inc., 91 F.3d 797,

14

800 (6th Cir. 1996)(quoting Watkins v. Simmons & Clark, Inc., 618 F.2d 398, 399 (6th Cir. 1980)).

In Purtle, the Sixth Circuit held that once the district court finds a TILA violation, no matter how technical, it has no discretion with respect to the imposition of liability, and must award statutory damages unless one of the TILA defenses is applicable to the transaction. Id. at 801-802. Although Purtle concerned a type of TILA violation not alleged in the instant case, §1640 specifically refers to the failure to comply with §1641(g) as being a violation within the scope of §1640(a). This court concludes that if plaintiff prevails on her TILA claim, she may recover statutory damages under §1640(a)(2)(A) and attorney's fees under §1640(a)(3). Therefore, the motion to dismiss the TILA claim will be granted as to the claim for actual damages, but denied as to the claim for statutory damages.

This court's research has revealed another issue not addressed by the parties, namely, whether the first amended complaint contains sufficient facts to allege that HSBC Bank is a "creditor" within the meaning of 15 U.S.C. §1602(f). See, e.g., Trinh v. Citibank, NA, No. 5:12-cv-03902 EJD (unreported), 2012 WL 6574860 (N.D.Cal. Dec. 17, 2012)(notice-upon-transfer requirement in §1641(g) applies only to "creditors"); Dufour v. Home Show Mortgage Inc., No. CV-12-01736-PHX-GMS (unreported), 2012 WL 6049683 (D.Ariz. Dec. 5, 2012)(dismissing §1641(g) claim where complaint failed to allege sufficient facts to show that defendant, the beneficiary under a deed of trust, was a TILA "creditor").

There is authority for the proposition that the assignment of a mortgage alone without transfer of the underlying note of

15

indebtedness is not sufficient to make the assignee of the mortgage a TILA creditor. See, e.g., Connell v. CitiMortgage, Inc., Civil Action No. 11-0443-WS-C (unreported), 2012 WL 5511087 (S.D.Ala. Nov. 13, 2012). In the instant case, the complaint contains no allegations that the promissory note signed by plaintiff was also transferred to HSBC Bank. The document attached to the complaint entitled "Corporate Assignment of Mortgage" indicates that the mortgage was assigned to HSBC Bank but makes no reference to the note executed by plaintiff. The court also notes authority under Ohio law that a promissory note cannot be assigned, but rather must be negotiated in accordance with the Ohio Uniform Commercial Code. See HSBC Bank USA v. Thompson, No. 23761 (2nd App. Dist. unreported), 2010 WL 3451130 at *7 (Ohio App. Sept. 3, 2010)(promissory note is a negotiable instrument); Deutsche Bank National Trust Co. v. Gardner, No. 92916 (8th App. Dist. unreported), 2010 WL 663969 at *3 (Ohio App. Feb. 25, 2010)(under Ohio law, the right to enforce a note cannot be assigned; the note must be negotiated in accordance with Ohio Rev. Code §1301.01 et seq. and §1303.01 et seq.). The complaint contains no factual allegations indicating that the promissory note was transferred to HSBC Bank by negotiation.

The court hereby gives notice to the parties of its intention to consider these issues, and invites additional briefing from the parties. See Chase Bank USA, N.A. v. City of Cleveland, 695 F.3d 548, 558 (6th Cir. 2012).

VII. Conclusion

In accordance with the foregoing, the motion to dismiss (Doc. 9) is granted in part and denied in part. Counts I and III are

16

hereby dismissed for failure to state a claim, and defendant HSBC Mortgage is dismissed as a party. Count II is dismissed as to the claim for actual damages. As to the motion to dismiss the claim for statutory damages and attorney's fees in Count II, the court will reserve final ruling pending receipt of additional briefing from the parties. The supplemental briefing on Count II requested by the court is due from both parties on or before March 25, 2013, and any memorandum contra the opposing party's brief shall be filed on or before March 29, 2013. The previous motion to dismiss (Doc. 5) has been superseded by the renewed motion to dismiss, and it is therefore denied as moot. Defendants' motion for a stay of discovery and protective order (Doc. 17) is granted. Discovery will be stayed and defendants will not be required to respond to plaintiff's discovery requests until after the court has resolved all issues relating to the motion to dismiss.

Date: March 13, 2013                   s/James L. Graham
                                      James L. Graham
                                      United States District Judge