IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Linda Rider,

    Plaintiff,

  v.                                 Case No. 2:12-cv-925

HSBC Mortgage Corporation
(USA), et al.,

    Defendants.

## OPINION AND ORDER

This is an action brought by plaintiff Linda Rider against defendants HSBC Mortgage Corporation (USA) ("HSBC Mortgage") and HSBC Bank USA, N.A. ("HSBC Bank"), alleging violations of the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA"). In Count I of the first amended complaint, plaintiff asserted a RESPA violation under 12 U.S.C. §2605(c) against HSBC Bank. In Count II, plaintiff alleged a TILA violation under 15 U.S.C. §1641(g) against HSBC Bank. In Count III, plaintiff alleged a RESPA violation under 12 U.S.C. §2605(b) against HSBC Mortgage. On December 7, 2012, defendants filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff's first amended complaint for failure to state a claim for which relief may be granted.

In an opinion and order filed on March 13, 2013, this court granted defendants' motion to dismiss the RESPA claims in Counts I and III for failure to adequately plead actual damages, and HSBC Mortgage was dismissed as a defendant. This court granted the motion to dismiss the TILA claim in Count II against HSBC Bank insofar as plaintiff sought actual damages which were not adequately pleaded. However, this court held that a claim for

statutory damages under 15 U.S.C. §1640(a)(2)(A) and attorney's fees and costs under 15 U.S.C. §1640(a)(3) could be pursued notwithstanding the failure to plead actual damages.

This court then sua sponte raised the issue of whether plaintiff had adequately pleaded that HSBC Bank was a "creditor" within the meaning of 15 U.S.C. §1602(f), a prerequisite for liability under §1641(g). This court noted authority indicating that the transfer of a mortgage to an assignee without transfer of the underlying promissory note is not sufficient to make the assignee of the mortgage a TILA creditor. This court gave notice to the parties of its intention to consider these issues, and invited additional briefing from the parties. This court withheld a final ruling on HSBC Bank's motion to dismiss Count II pending receipt of these additional briefs. The parties have now filed additional memoranda and motions.

I. Additional Motions

Attached to HSBC Bank's supplemental memorandum is the declaration of Dana St. Clair-Hougham, Vice President of HSBC Bank, Administrative Services Division. The declaration includes Exhibit 1-A, the promissory note executed by plaintiff and John J. Rider on or about September 27, 2002. This exhibit from HSBC Bank's records is the same document attached to plaintiff's original complaint as an exhibit, except that it also bears an endorsement dated September 27, 2002, from Homestead Mortgage Company, the original holder of the note, to HSBC Mortgage, as well as an endorsement in blank by HSBC Mortgage. In response, plaintiff has submitted a version of the note which was filed in the foreclosure action, and which contained only the endorsement from Homestead Mortgage.

2

Plaintiff has moved to strike the declaration pursuant to Fed. R. Civ. P. 12(f). However, Rule 12(f) provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." It does not authorize the court to strike matters from filings other than pleadings. Rule 12(f) cannot be invoked as authority for striking the declaration. Plaintiff also cites Fed. R. Civ. P. 56(e), which addresses the adequacy of affidavits submitted in summary judgment proceedings and permits the court to issue appropriate orders where "a party fails to properly support an assertion of fact[.]" rule 56(e). However, these are not summary judgment proceedings, and therefore Rule 56(e) does not provide a basis for the motion to strike. Therefore, the motion to strike is denied.

Plaintiff has moved separately to convert defendants' motion to dismiss to a motion for summary judgment. Under Fed. R. Civ. P. 12(d), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Rule 12(d). The court will not reach the issue of whether the declaration and attached exhibit are "matters outside the pleadings" and will not consider the declaration and the version of the note attached to the declaration in ruling on the motion to dismiss. There is no need to convert the motion to dismiss to one for summary judgment, and plaintiff's motion to convert is denied.

II. Rule 12(b)(6) Standards

As stated in this court's previous order, in ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all

3

well-pleaded allegations in the complaint as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Technologies, Inc., 520 F.3d 516, 519 (6th Cir. 2008); Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. Id.

While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must create a reasonable expectation that discovery will reveal evidence to support the claim. Campbell v. PMI Food Equipment Group, Inc., 509 F.3d 776, 780 (6th Cir. 2007). A complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Id. Determining whether a complaint states a plausible claim for relief is "a context-

4

specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.  Where the facts pleaded do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief as required under Fed.R.Civ.P. 8(a)(2).  Id.

Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; see also Ashcroft, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Association of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007).

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." Bassett v. National Collegiate Athletic Ass'n 528 F.3d 426, 430 (6th Cir. 2008); see also Nixon v. Wilmington Trust Co., 543 F.3d 354, 357 (6th Cir. 2008)(a court may consider a document not formally incorporated by reference in a complaint when the complaint refers to the document and the document is central to the claims).

III. TILA Claim

HSBC Bank argues that the complaint does not adequately allege that it is a "creditor" subject to liability under TILA for failure to comply with the notice provisions of §1641(g).  Civil liability

5

under TILA is governed by 15 U.S.C. §1640.  That section provides that any "creditor" who fails to comply with § 1641(g) with respect to any person is liable to such person for actual damages under 15 U.S.C. §1640(a)(1), for statutory damages under 15 U.S.C. §1640(a)(2)(A), and for reasonable attorney's fees and costs under 15 U.S.C. §1640(a)(3).

> Section 1641(g) provides:
>
> [N]ot later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor <u>that is the new owner or assignee of the debt</u> shall notify the borrower in writing of such transfer, including—(A) the identity, address, telephone number of the new creditor; (B) the date of transfer: (C) how to reach an agent or party having authority to act on behalf of the new creditor: (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor.

Section 1641(g)(emphasis supplied).  The term "mortgage loan" means "any consumer credit transaction that is secured by the principal dwelling of a consumer."  15 U.S.C. §1641(g)(2).  A creditor "is the person who the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such indebtedness, by agreement."  15 U.S.C. §1602(f).

An action under §1641(g) can only be brought against creditors or their assignees.  <u>Mourad v. Homeward Residential, Inc.</u>, No. 12-1880, 2013 WL 870205 at *4 (6th Cir. Mar. 8, 2013); <u>see also</u> <u>Trinh v. Citibank, NA</u>, No. 5:12-cv-03902 EJD (unreported), 2012 WL 6574860 (N.D.Cal. Dec. 17, 2012)(notice-upon-transfer requirement in §1641(g) applies only to "creditors").  Where a complaint fails to allege any facts showing that the defendant falls within TILA's

definition of "creditor,", the complaint fails to state a claim. Dufour v. Home Show Mortgage Inc., No. CV-12-01736-PHX-GMS (unreported), 2012 WL 6049683 (D.Ariz. Dec. 5, 2012)(dismissing §1641(g) claim where complaint failed to allege sufficient facts to show that defendant, the beneficiary under a deed of trust, was a TILA "creditor").

"Based on its plain language, §1641(g)'s disclosure obligation is triggered only when ownership of the 'mortgage loan' or 'debt' itself is transferred, not when the instrument securing the debt (that is, the mortgage) is transferred." Giles v. Wells Fargo Bank, N.A., No. 12-15567, 2013 WL 2257131 at *2 (11th Cir. May 23, 2013); see also Jara v. Aurora Loan Services, 852 F.Supp.2d 1204, 1208 (N.D.Cal. 2012)(§1641(g) only applies to creditors who are new owners or assignees of the mortgage loan).

In Connell v. CitiMortgage, Inc., No. 11-0443-WS-C, 2012 WL 5511087 (S.D. Ala. Nov. 13, 2012), the court discussed at length the distinction between the mortgage note, loan or debt which was the subject of the credit transaction, and the instrument securing that credit transaction, i.e., the mortgage. The court noted that the note is the obligation to pay borrowed money, and the mortgage merely creates a lien against the property as security for that obligation. Id. at 8, n. 14. The court concluded that §1641(g) imposes a notification obligation only on the "new creditor" or "new owner or assignee of the debt." Id. at *6. The court's conclusion was further supported by the language of Regulation Z, which provides that a person is covered by §1641(g) if he or she "becomes the owner of an existing mortgage loan by acquiring legal title to the debt obligation, whether through a purchase,

7

assignment or other transfer." Id. (quoting 12 C.F.R. §1026.39(a)(1)). The court also commented that "case law confirms that what matters for §1641(g) purposes is transfer of the debt obligation, not merely assignment of the mortgage." Id. at *8.

Section 1641 also exempts some servicers of a consumer obligation from §1641(g)'s notification requirements. Under §1641(f), "[a] servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation." 15 U.S.C. §1641(f)(1); see also Mourad, 2013 WL 870205 at *4 (servicer which did not own the loan was not liable under TILA); Gale v. First Franklin Loan Services, 701 F.3d 1240, 1245 (9th Cir. 2012)(loan servicer is not an "assignee" under TILA unless the servicer is the owner of the loan obligation). Section 1641(f) further provides that a servicer "shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation." 15 U.S.C. §1641(f)(2). Under §1641(f)(2), even where a servicer is the assignee of the loan obligation, §1641(g)'s notice requirements do not apply if the assignment was made solely for the servicer's administrative convenience. See Giles, 2013 WL 2257131 at *2 (servicer not subject to notice requirements where servicer was assigned the obligation "solely for the administrative convenience of the servicer in servicing the obligation"); Gale, 701 F.3d at 1247 (servicer which is assigned loan obligation solely for administrative convenience is only a nominal owner of the note

8

and is exempted from notice requirements under §1641(f)(2)).

The above authorities indicate that to survive a motion to dismiss a claim under §1641(g), plaintiff must allege that HSBC Bank is "the creditor that is the new owner or assignee of the debt," i.e., the promissory note.  It is not sufficient to simply allege that HSBC is the assignee of the mortgage securing the debt.  Further, if HSBC Bank is alleged to be a servicer of the loan, plaintiff must further allege that the transfer or assignment of ownership of the promissory note was not simply for the administrative convenience of HSBC Bank in servicing the obligation.

The complaint in the instant case alleges that on August 12, 2011, HSBC Mortgage assigned plaintiff's mortgage to HSBC Bank.  The assignment is attached to the first amended complaint as Exhibit A.  First Amended Complaint, ¶ 9.  Exhibit A is entitled "CORPORATE ASSIGNMENT OF MORTGAGE" and the document assigns HSBC Mortgage's beneficial interest under the mortgage to HSBC Bank.  The document makes no reference to the promissory note allegedly executed by plaintiff on September 22, 2002.  See First Amended Complaint, ¶ 6.  Indeed, under Ohio law, a promissory note cannot be assigned, but rather must be negotiated in accordance with the Ohio Uniform Commercial Code.  See HSBC Bank USA v. Thompson, No. 23761 (2nd App. Dist. unreported), 2010 WL 3451130 at *7 (Ohio App. Sept. 3, 2010)(promissory note is a negotiable instrument); Deutsche Bank National Trust Co. v. Gardner, No. 92916 (8th App. Dist. unreported), 2010 WL 663969 at *3 (Ohio App. Feb. 25, 2010)(under Ohio law, the right to enforce a note cannot be assigned; the note must be negotiated in accordance with Ohio Rev.

Code §1301.01 et seq. and §1303.01 et seq.). The complaint contains no factual allegations that plaintiff's promissory note was transferred to HSBC Bank by negotiation.

Plaintiff alleges that HSBC Bank "was not a partial assignee of the Note and Mortgage." First Amended Complaint, ¶ 25. This allegation is ambiguous and confusing. It does not describe what the word "partial" means. The fact that HSBC Bank was allegedly not "a partial assignee," phrased in the negative, says nothing about whether HSBC Bank was the assignee of some other undisclosed type of interest in the note and mortgage.

The complaint later alleges that HSBC Bank "was not the transferee of a partial interest in the Note and/or Mortgage, and instead was the transferee of a complete, %100 interest in the Note and/or Mortgage." First Amended Complaint, ¶ 32. This conclusory allegation is made in the alternative and includes no factual support. The complaint does not describe the nature of the "%100 interest" that was allegedly transferred to HSBC Bank. It is not alleged, even in conclusory terms, that the "interest" was an ownership interest. The "interest" in paragraph 32 could refer servicing rights. The complaint alleges in ¶ 19 that HSBC Mortgage "transferred full and complete servicing rights to" HSBC Bank via the assignment, and in ¶ 23 that HSBC Bank became "the transferee of the servicing rights to the Note and Mortgage." The "interest" in paragraph 32 could also refer to the allegations in ¶ 9 concerning the filing of an assignment of mortgage to HSBC Bank, as documented in Exhibit A.

There are no allegations, even conclusory allegations, in the complaint indicating that HSBC Mortgage conveyed any ownership

10

interest in the promissory note to HSBC Bank by negotiation as required by Ohio law. Rather, plaintiff appears to rely exclusively on Exhibit A as support for any assignment of the "Note and/or Mortgage" to HSBC Bank. However, Exhibit A on its face relates solely to an assignment of the mortgage portion of the "and/or" allegation. The absence of any reference in that document to a promissory note contradicts the other conclusory allegations concerning the assignment or transfer of any interest in the promissory note. In the event of a conflict between the bare allegations of the complaint and any exhibit attached pursuant to Fed. R. Civ. P. 10(c), the exhibit trumps the allegations. Williams v. CitiMortgage, Inc., 498 Fed.App'x 532, 536 (6th Cir. 2012)(citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991)).

The complaint is devoid of facts sufficient to allege that HSBC Bank, through transfer or assignment, became the owner of the promissory note; it fails to allege that HSBC Bank is a "creditor" subject to the notice requirements of §1641(g).

The complaint also alleges that HSBC Mortgage "transferred full and complete servicing rights to" HSBC Bank via the assignment. First Amended Complaint, ¶ 19. It is further alleged that HSBC Bank "became the assignee of the servicing rights of the Note and Mortgage." First Amended Complaint, ¶ 26. Section 6141(f), governing the treatment of servicers, applies in this case. Even assuming that the facts in the complaint sufficiently allege that an ownership interest in plaintiff's promissory note was somehow transferred or assigned to HSBC Bank, plaintiff fails to allege, even in conclusory fashion, that this transfer or

11

assignment was not solely for the administrative convenience of HSBC Bank in servicing the obligation.

The allegations in Count II fail to state a claim under §1641(g) against HSBC Bank.

VII. Conclusion

In accordance with the foregoing, and for the reasons articulated in this court's order of March 13, 2013, defendants' motion to dismiss (Doc. 9) is granted, and Counts I, II and III are hereby dismissed pursuant to Rule 12(b)(6) for failure to state a claim against defendants HSBC Mortgage and HSBC Bank. Plaintiff's motion to strike (Doc. 25) and motion to convert (Doc. 30) are denied.

Date: July 29, 2013         s/James L. Graham
                              James L. Graham
                              United States District Judge